**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 26, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20224
Summary Calendar
_____

CALVIN EDWARD WEAVER,

                                        Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-04-CV-60
--------------------

Before HIGGINBOTHAM, JONES and PRADO, Circuit Judges.

PER CURIAM:*

     Calvin Edward Weaver, a Texas prisoner (# 820796),
seeks a certificate of appealability ("COA") to appeal the
district court's dismissal of his 28 U.S.C. § 2254 habeas corpus
application as successive.  In the alternative, Weaver moves for
authorization to file a successive 28 U.S.C. § 2254 application.

     This court issues a COA to an applicant only if he makes
"a substantial showing of the denial of a constitutional right."
28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 123 S. Ct. 1029,

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

1039 (2003).  When a district court denies 28 U.S.C. § 2254 relief on procedural grounds, the applicant must show that his habeas application states a "valid claim" of the denial of a constitutional right and that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In his COA application, Weaver fails to address the specific issue whether the district court erred in dismissing his petition as successive and has thus waived the only cognizable issue in his appeal.  See Hughes v. Johnson, 191 F.3d 607, 613 (5th Cir. 1999); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.3d 744, 748 (5th Cir. 1987).  Because Weaver has failed to show that jurists of reason would find it debatable whether the district court erred in dismissing his petition as successive, his request for a COA is DENIED.  See Slack, 529 U.S. at 484.

To obtain authorization to file a successive habeas corpus application, Weaver must make a prima facie showing that his claims are based on either (A) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or (B) a factual predicate that could not have been discovered previously "through the exercise of due diligence" and that, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the offense."  28 U.S.C. § 2244(b)(2)(A) and (B)(i), (ii).  Because Weaver has not made a showing of either, his

alternative motion for authorization to file a successive

28 U.S.C. § 2254 application is DENIED as well.

COA DENIED; MOTION FOR AUTHORIZATION TO FILE SUCCESSIVE

HABEAS APPLICATION DENIED.