**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 12-10659

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

KENDRICK JERMAINE FULTON, also known as Ken Fulton,

      Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

March 16, 2015

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas

Before BENAVIDES, PRADO, and GRAVES, Circuit Judges.

FORTUNATO P. BENAVIDES, Circuit Judge:

      This appeal by Kendrick Jermaine Fulton ("Fulton") concerns the district court's transfer of his second motion under 28 U.S.C. § 2255. For the reasons below, we AFFIRM the district court's transfer order.

## I.    Background

      Previously, this court affirmed Fulton's conviction for drug-related conspiracy to possess with intent to distribute, along with the resulting 400-month sentence, which Fulton is now serving as federal prisoner # 30080-177.[1] The district court dismissed Fulton's initial § 2255 motion and, upon Fulton's

---

[1] *See United States v. Fulton*, 131 F. App'x 441, 442-44 (5th Cir. 2006).

No. 12-10659

appeal, this court denied a certificate of appealability ("COA"). Importantly, in his initial § 2255 motion, Fulton asserted a claim that, *inter alia*, Fulton received ineffective assistance of counsel ("IAC") at the plea-bargaining stage, specifically that Fulton's counsel provided incomplete information which prevented Fulton from making an informed decision whether to accept a plea offer by the Government. After an evidentiary hearing, the magistrate judge made two findings regarding this claim, first that the performance of Fulton's counsel was not deficient, since counsel adequately informed Fulton of the plea offer and the sentencing effect should Fulton accept the offer; and second, assuming counsel's deficient performance, that Fulton had not shown prejudice since he failed to proffer evidence of his serious consideration of the plea offer. In his second § 2255 motion, Fulton again asserts his claim of IAC at the plea-bargaining stage, based on the same allegations as his initial § 2255 motion. The district court transferred the motion to this court as a successive § 2255 motion, and denied Fulton's subsequent motion for a COA.

In a separate proceeding, Fulton filed a motion for authorization to file a successive § 2255 petition, which this court denied.[2] Notably, Fulton expressly reiterated the same IAC argument as one of his bases for a successive motion. Fulton then filed a motion for a COA in this proceeding, which this court initially denied. On reconsideration, however, we ultimately granted a COA on two issues: "(1) whether a COA is required, i.e., whether the district court order transferring appellant's . . . § 2255 motion to this court is a final order as envisioned by 28 U.S.C. § 2253(c)(1)(B), and (2) whether the district court erred by transferring the § 2255 motion as a successive habeas petition."

## II.    Whether district court erred in transferring Fulton's § 2255 petition as successive

---

[2] *In re Fulton*, No. 12-10604 (5th Cir. Sept. 6, 2012) (per curiam).

No. 12-10659

Since the question of whether a petition is in fact successive is a threshold jurisdictional matter,[3] we first address the second issue and consider the propriety of the district court's transfer on the basis of successiveness. For the reasons explained below, we hold that Fulton's second petition is successive, and that the district court did not err in transferring the petition on that basis.

A second-in-time petition does not necessarily equate to one which is successive within the meaning of § 2255.[4] Instead, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ."[5]

As previously noted, Fulton asserts the same IAC claim in the first and instant applications. In each petition, Fulton asserts his counsel failed to properly inform him of the effects of a plea offer as to his sentencing exposure. The primary difference between the two petitions is Fulton's reliance in the latter on *Lafler v. Cooper*,[6] and *Missouri v. Frye*,[7] both of which were decided after the denial of his first § 2255 motion. The timing of these decisions alone does not render Fulton's petition non-successive.[8]

Moreover, Fulton does not argue that his IAC claim is not successive. Instead, Fulton argues that his current § 2255 motion should not be deemed successive because his counsel abandoned him following an evidentiary hearing regarding his first § 2255 motion; Fulton argues that this abandonment deprived him of a "full and fair opportunity" to pursue his initial

---

[3] *See Adams v. Thaler*, 679 F.3d 312, 321 (5th Cir. 2012).

[4] *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

[5] *Id.*

[6] 132 S. Ct. 1376 (2012).

[7] 132 S. Ct. 1399 (2012).

[8] *See Leal Garcia v. Quarterman*, 573 F.3d 214, 221-22 (5th Cir. 2009).

No. 12-10659

§ 2255 motion because he alleges he was thereafter prevented from representing himself *pro se.* As a result, Fulton argues that "fundamental fairness" should provide an exception to the procedural bar of his filing this successive § 2255 claim.

Since the record belies the allegations, we need not address the proposition of whether attorney abandonment during an initial habeas proceeding should provide grounds for an exception to the bar against successive motions, a proposition for which Fulton cites no supporting authority. In this case, the district court made clear that Fulton's counsel was appointed solely for the purpose of representing him at the evidentiary hearing before the magistrate judge. Following the evidentiary hearing, Fulton filed a motion expressing his intention to file *pro se* his objections to the magistrate judge's report. Furthermore, Fulton filed his objections, contrary to his allegations that he was prevented from doing so, and the district judge considered those objections before overruling them.

Since Fulton's current § 2255 motion asserts an IAC claim that was previously denied in his first § 2255 motion, the instant § 2255 motion is successive and the district court did not have jurisdiction to consider his § 2255 claim. Accordingly, it did not err by transferring the motion for lack of jurisdiction. We therefore AFFIRM the district court's transfer order.

III. **Whether district court's transfer order is a final order within the meaning of § 2253(c)(1)(B)**

We now turn to the second issue, and a brief description of the procedural context behooves the analysis. In order to file a second or successive application with the district court, 28 U.S.C. § 2244 provides that an applicant must first

4

obtain authorization from the court of appeals.[9] The lack of such authorization is a jurisdictional bar to the district court's consideration,[10] and a district court may dispose of applications lacking authorization through dismissal.[11]

Alternatively, a district court may transfer a petition lacking authorization to this court for want of jurisdiction upon a finding that the petition is successive.[12] The district court below chose to transfer the action and, although the transfer order lacked a specified statutory basis, "we have previously construed similar transfers as properly filed under 28 U.S.C. § 1631,"[13] which authorizes a federal court which lacks jurisdiction to transfer an action to the court with proper jurisdiction.[14]

The instant discussion centers on whether such a transfer order falls within the ambit of § 2253(c)(1)(B). Addressing whether a COA was required for the appeal under the similar provision of § 2253(c)(1)(A), the Supreme Court in *Harbison v. Bell* interpreted the COA requirement as only applying to appeals of "[(1)] final orders [(2)] that dispose of the merits" of a § 2254 motion.[15] Accordingly, the order considered by the *Harbison* Court—a district court's denial of a § 2254 petitioner's motion to enlarge the representational authority of his appointed counsel—was not subject to the COA requirement.[16] We find no reason why the *Harbison* Court's reasoning would not be equally applicable to § 2253(c)(1)(B), the provision at issue in this case. Both provisions describe orders for which a COA is required without merits-based distinction;

---

[9] 28 U.S.C. § 2244(b)(3).

[10] *See Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010).

[11] *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

[12] *See In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (per curiam).

[13] *In re Coleman*, 768 F.3d at 371 n.8 (citing *Adams*, 679 F.3d at 322).

[14] *See* 28 U.S.C. § 1631.

[15] *Harbison v. Bell*, 556 U.S. 180, 183 (2009) (discussing § 2253(c)(1)(A), which imposes COA requirement on appeals of state-court, rather than federal-court, convictions).

[16] *Id.*

for its part, § 2253(c)(1)(A) imposes the requirement to any "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by the a State court,"[17] and § 2253(c)(1)(B) similarly applies the requirement to a "final order in a proceeding under section 2255."[18] The provisions also apply to similar proceedings as, like the proceedings described by § 2253(c)(1)(A), § 2255 proceedings are "proceeding[s] challenging the lawfulness of the petitioner's detention."[19]

In addressing transfer orders of successive § 2255 motions, we have previously addressed the successiveness of the petition, i.e. the basis of the district court's transfer, without imposing a COA requirement.[20] Even where a petitioner has affirmatively sought a COA, we have first determined the petition's successiveness, only then denying a COA by applying the standard for granting a COA to our determination that the petition was successive.[21]

In discussing whether a COA should issue in one of the latter cases, *Resendiz v. Quarterman*, we quoted a Seventh Circuit decision for the proposition that a "district court's dismissal of a motion on the ground that it is an unauthorized successive collateral attack constitutes a final order within the scope of 28 U.S.C. § 2253(c)."[22] The application of *Resendiz* here is questionable, since the authority upon which it relied spoke to a district court's dismissal, rather than transfer, of a § 2255 motion.[23] The distinction is significant because, while this court has previously held that the appeal of a

---

[17] 28 U.S.C. § 2253(c)(1)(A).

[18] 28 U.S.C. § 2253(c)(1)(B).

[19] *Harbison*, 556 U.S. at 183.

[20] *See In re Bradford*, 660 F.3d 226, 228-29 (5th Cir. 2011) (per curiam); *Henderson v. Haro*, 282 F.3d 862, 863-64 (5th Cir. 2002).

[21] *See Resendiz v. Quarterman*, 454 F.3d 456, 458-59 (5th Cir. 2006) (per curiam); *see also In re Hartzog*, 444 F. App'x at 67; *In re Colburn*, 65 F. App'x 508, at *2, 4 (5th Cir. 2003).

[22] *Resendiz*, 454 F.3d at 458 (quoting *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005) (per curiam)).

[23] *Sveum*, 403 F.3d at 448.

district court's dismissal of a habeas petition is subject to the COA requirements of § 2255(c),[24] we have never held that § 2253(c) requires a COA for an appeal of a transfer order under § 1631.

Nevertheless, it is true that we have repeatedly recognized that a § 1631 transfer order of a habeas petition deemed successive is an appealable, collateral order.[25] In *In re Bradford*, we held that the appeal of an order transferring a habeas petition is an appealable, collateral order as it "(1) will conclusively determine the correctness of the transfer; (2) is separate from the merits of the § 2255 motion; and (3) is effectively unreviewable if the appeal is dismissed."[26] As the Supreme Court has explained, the collateral order doctrine is "best understood not as an exception to the final decision rule laid down by Congress in [28 U.S.C.] § 1291, but as a practical construction of it."[27] Under that construction, a § 1631 transfer order may be treated as "final," and satisfies the first criteria of § 2253(c)(1)(B).

We have refrained, however, from holding that such transfer orders fall within the ambit of § 2253(c). This restraint is well-founded for the derivative reason that a transfer order does not meet the second § 2253(c) criteria, since a transfer order under § 1631 due to a petition's successiveness does not dispose of the merits of a § 2255 motion.

Although we have treated this issue inconsistently in the past, our precedent is consistent in one critical respect: a transfer order resolves an issue completely separate from the merits of the action. The Government first argues

---

[24] *See Cardenas v. Thaler*, 651 F.3d 442, 443 (5th Cir. 2011) (addressing dismissal of § 2254 application but interpreting § 2253(c)(1)); *Weaver v. Dretke*, 106 F. App'x 255, 256 (5th Cir. 2004) (per curiam).

[25] *In re Bradford*, 660 F.3d at 229; *see also In re Sepulvado*, 707 F.3d at 552; *Henderson*, 282 F.3d at 863-64.

[26] *In re Bradford*, 660 F.3d at 229.

[27] *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994) (internal quotation marks omitted).

that "the district court's order disposed of the merits . . . on procedural grounds." However, this argument is contrary to the determination in *Bradford* that such orders fall within the collateral order doctrine in part because the order is "separate from the merits of the § 2255 motion."[28] Indeed, the non-merits aspect of the transfer order is one of the requisite bases for our consistent application of the collateral order doctrine to such orders.[29] We find no reason to deviate from our previous application of the collateral order doctrine and, moreover, *Bradford* is binding on our resolution of this issue. We hold that a transfer order under § 1631 is not a final order within the meaning of § 2253(c)(1)(B), and the appeal of such an order does not require a COA.

This matter brings to light more practical considerations impacting judicial efficiency. First, as discussed above, even where the petitioner made a COA request, this court's prior decisions have addressed the jurisdiction-determining question of successiveness prior to any COA consideration, which was resolved based on the successiveness determination.[30] Further, we have recognized that an application's successiveness is the exclusive basis under § 1631 by which a district court has authority to transfer a petition to this court.[31] Thus, as case law in this circuit demonstrates, giving primary jurisdictional consideration to successiveness largely resolves the only recognized basis for an appeal of a transfer order in this context. As a result, a COA requirement presents a judicially inefficient procedural mechanism which would have little practical benefit.

Second, in this case the petitioner filed both an appeal of the transfer order and a motion for authorization; however, the matters proceeded

---

[28] *In re Bradford*, 660 F.3d at 229.

[29] *See id.*; *see also In re Sepulvado*, 707 F.3d at 552.

[30] *See Resendiz* 454 F.3d at 458-59; *see also In re Hartzog*, 444 F. App'x at 67; *In re Colburn*, 65 F. App'x 508, at *2, 4 (5th Cir. 2003).

[31] *In re Trotter,* 544 F. App'x 392, 393 (5th Cir. 2013).

separately in contrast to the consolidated presentation of such filings to panels considering similar matters.[32] These filings often present interrelated issues. Therefore, to the extent possible, in any future cases in which a district court transfers a § 2255 motion to this court on the basis of successiveness and the propriety of the transfer order has not yet been addressed by this court, we instruct the clerk of the court to consolidate any request by the petitioner for a COA on his habeas claim, or any motion for authorization, to the panel considering the transferred § 2255 petition.

## IV.   Conclusion

Because Fulton's petition as presented to the district court was correctly determined to be successive, we AFFIRM the order of the district court. As noted previously, Fulton's motion for authorization has been denied by another panel, which prevents jurisdiction from vesting in a district court. We therefore REMAND to the district court with instructions to dismiss Fulton's § 2255 petition for want of jurisdiction. Fulton's motion for appointment of counsel to pursue his abandonment argument is DENIED.

---

[32] *See In re Coleman*, 748 F.3d at 369; *In re Bradford*, 660 F.3d at 228.