# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50681
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 3, 2015

Lyle W. Cayce
Clerk

JOSE DE JESUS GUEL-RIVAS,

Plaintiff−Appellant,

versus

WILLIAM STEPHENS, Director,
Texas Department of Criminal Justice, Correctional Institutions Division,

Defendant−Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:09-CV-186

Before SMITH, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jose de Jesus Guel-Rivas, Texas prisoner # 1405933, is imprisoned for aggravated sexual assault of a child younger than fourteen years old. He seeks a certificate of appealability ("COA") to appeal the district court's construction

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50681

of his Federal Rule of Civil Procedure 60(b) motion as an unauthorized second or successive 28 U.S.C. § 2254 application, and he requests the transfer of the matter to this court. Additionally, he seeks authorization to proceed *in forma pauperis* ("IFP") on appeal.

Because "a transfer order under 28 U.S.C. § 1631 is not a final order within the meaning of [28 U.S.C.] § 2253(c)(1)(B), . . . the appeal of such an order does not require a COA." *United States v. Fulton*, -- F.3d --, 2015 U.S. App. LEXIS 4173, at *10 (5th Cir. Mar. 16, 2015). Therefore, the motion for a COA is DENIED as unnecessary.

In his Rule 60(b) motion, Guel-Rivas claimed that his trial counsel had provided ineffective assistance in the punishment phase of his trial by failing to object to the prosecutor's remarks about Guel-Rivas's immigration status. According to Guel-Rivas, *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), permitted the district court to consider the claim even if it remained unexhausted in state court. Guel-Rivas asserts that his punishment-phase claim relates back to his original § 2254 application wherein he alleged that his counsel provided ineffective assistance by failing to challenge a reference to his immigration status during the guilt-innocence phase.

The district court's mention of such a claim in dismissing Guel-Rivas's § 2254 application did not render the claim a part of that application. Therefore, that court properly construed Guel-Rivas's Rule 60(b) motion as a successive § 2254 application because it raised a new substantive claim. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 & n.4 (2005).

In a separate proceeding before this court, the clerk of court informed Guel-Rivas of the requirement that he file a motion for, and receive authorization to file, his successive § 2254 application on his new claims. Guel-Rivas

2

No. 14-50681

failed to file such a motion timely, so the clerk dismissed that proceeding.

Because Guel-Rivas's application—as presented to the district court—was correctly determined to be a successive § 2254 application, we AFFIRM the order of the district court. As noted, the proceeding for authorization to file a successive § 2254 application has already been dismissed, which prevents jurisdiction from vesting in a district court. We therefore REMAND to the district court with instruction to dismiss Guel-Rivas's § 2254 application for want of jurisdiction. Guel-Rivas's motion to proceed IFP is DENIED.