# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10056

United States Court of Appeals
Fifth Circuit

**FILED**

May 14, 2015

Lyle W. Cayce
Clerk

VAN LEE BREWER,

Petitioner−Appellant,

versus

WILLIAM STEPHENS, Director,
Texas Department of Criminal Justice, Correctional Institutions Division ,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-2332

Before SMITH, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Van Brewer, Texas prisoner # 527494, serving a sentence for sexual assault, filed a 28 U.S.C. § 2254 application that was denied by the district court in 1996. *See Brewer v. Johnson*, No. 96-10449, 1997 WL 464459 (5th Cir. 1997). In 2001, forensic DNA testing conducted by the state confirmed that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10056

Brewer's DNA was on biological materials collected from the victim after the assault. *See Ex parte Brewer*, No. 05-08-00598-CV, 2009 WL 1801037, at *1 (Tex. App.—Dallas 2009, no pet.).

Under the Antiterrorism and Effective Death Penalty Act of 1996, a prisoner who wishes to file a second or successive § 2254 application must obtain permission from the court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A). Brewer seeks a certificate of appealability ("COA") to appeal the district court's order transferring his § 2254 application to this court so that he could seek leave to file a successive § 2254 application under § 2244(b)(3)(A). Because "a transfer order under 28 U.S.C. § 1631 is not a final order within the meaning of [28 U.S.C.] § 2253(c)(1)(B), . . . the appeal of such an order does not require a COA." *United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015). Therefore, we DENY, as unnecessary, Brewer's motion for a COA as unnecessary.

Brewer claims that his current application is not successive because it is based on the post-conviction DNA testing that proves that the skirt from which the original serology report was made belonged to Jocelyn Rutledge, who had been sexually assaulted on April 12, 1989, rather than Joycelyn Regledge, the victim who testified that she was sexually assaulted two days earlier. In a prior motion for authorization to file a successive § 2254 application, Brewer maintained, *inter alia*, that the post-conviction DNA testing was falsified by the use of DNA obtained from him while he was incarcerated.

Given the foregoing, the district court properly determined that Brewer could not file his § 2254 application unless he obtained permission to do so under § 2244 (b)(3)(A). *See Adams v. Thaler*, 679 F.3d 312, 322 (5th Cir. 2012). Accordingly, we AFFIRM the order of the district court. We further note that in a separate proceeding, the clerk of this court denied Brewer authorization to file a successive § 2254 application after he had failed to comply with this

No. 15-10056

court's directives for filing a motion for authorization under § 2244(b)(3). We therefore REMAND with instruction to dismiss Brewer's § 2254 application for want of jurisdiction. *See Fulton*, 780 F.3d at 689.