# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10132

United States Court of Appeals
Fifth Circuit

**FILED**
September 15, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRUCE J. DELLERE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-1167

Before DAVIS, JONES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Bruce J. Dellere, federal prisoner # 39587-177, pleaded guilty to transportation and possession of child pornography; he received concurrent sentences of 224 and 120 months, respectively. In 2012, Dellere filed a 28 U.S.C. § 2255 motion challenging these convictions. In his reply to the Government's response, Dellere raised new grounds for relief, including a contention that the search of his home and seizure of his computer violated the Fourth Amendment and that his guilty plea was rendered involuntary because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Government withheld his insulin.  The district court ultimately denied relief on Dellere's § 2255 motion; the court concluded that the claims presented for the first time in Dellere's reply were untimely.  Dellere then filed a motion, purportedly pursuant to Federal Rule of Civil Procedure 60(b), repeating the Fourth Amendment and involuntary plea claims from his reply, asserting that he was raising the allegations for the first time, and contending that he was relying on newly discovered evidence in support of these grounds for relief.  The district court construed this motion as a successive § 2255 motion.

Before a successive § 2255 motion may be filed in the district court, the movant must obtain from this court an order authorizing the district court to consider the motion.  *See* § 2255(h); 28 U.S.C. § 2244(b)(3)(A) & (C).  Dellere seeks a certificate of appealability (COA) to appeal the district court's order transferring his postjudgment motion to this court so that he could seek leave to file a successive § 2255 motion.  Because "a transfer order under 28 U.S.C. § 1631 is not a final order within the meaning of [28 U.S.C.] § 2253(c)(1)(B), . . . the appeal of such an order does not require a COA." *United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015).  Therefore, we DENY, as unnecessary, Dellere's motion for a COA.

Dellere maintains that his Rule 60(b) motion is proper because he is not raising claims that he presented in his original § 2255 motion.  He did, however, present the allegations in his reply, and the district court addressed them in its denial of § 2255 relief.  Even if, as Dellere contends, his assertions were based on new evidence, an attempt to present "'newly discovered evidence'" in support of a claim that has already been denied should be construed as a successive pleading. *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (28 U.S.C. § 2254 case).  Moreover, if Dellere were correct in his contentions that he was seeking to raise "new" claims, "[a] motion that seeks

to add a new ground for relief . . . will of course qualify" as a successive pleading. *Gonzalez*, 545 U.S. at 532.

Given the foregoing, the district court properly determined that Dellere's Rule 60(b) motion constituted a successive § 2255 motion and that he must obtain permission to file under § 2244(b)(3)(A). Accordingly, we AFFIRM the order of the district court. We further note that, in a separate proceeding, the clerk of this court dismissed Dellere's motion for authorization to file a successive § 2255 motion after he had failed to comply with this court's directives for filing a motion for authorization under § 2255(h). We therefore REMAND with instruction that the district court dismiss the new civil proceeding opened with the Rule 60(b) motion. *See Fulton*, 780 F.3d at 689.