# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-10384

United States Court of Appeals
Fifth Circuit

**FILED**
November 2, 2015

Lyle W. Cayce
Clerk

ISMAEL H. PADILLA,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-295

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ismael Padilla, Texas prisoner # 356764, moves for a certificate of appealability (COA) so that he may appeal the district court's decision to transfer to this court his 28 U.S.C. § 2254 application attacking his convictions and custody for aggravated rape and aggravated robbery. Because "a transfer

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10384

order under [28 U.S.C.] § 1631 is not a final order within the meaning of [28 U.S.C.] § 2253(c)(1)(B), . . . the appeal of such an order does not require a COA." *United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015), *petition for cert. filed* (July 21, 2015) (No. 15-6348).  Thus, we deny Padilla's motion for a COA as unnecessary.

Padilla's COA motion argues that his § 2254 application did not seek to challenge the rape and robbery convictions as the district court determined, but rather was meant to attack other "uncharged" convictions and punishments.  Padilla provides no coherent explanation for his reference to uncharged convictions and punishments, and he makes only conclusory references to DNA testing and alleged violations of his constitutional rights.

Thus, the district court properly concluded that Padilla could not file his § 2254 application unless he obtained permission to do so from this court.  *See* 28 U.S.C. § 2244 (b)(3)(A).  The order of the district court therefore is affirmed.

This court has previously sanctioned Padilla and warned him that submitting frivolous or repetitive filings challenging his convictions and sentences would subject him to sanctions, and those sanctions remain in effect. Padilla is again WARNED that any future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction will subject him to additional sanctions.  Padilla should review any pending matters and move to dismiss any that are frivolous.

COA DENIED; AFFIRMED; SANCTION WARNING ISSUED.

2