# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10042

United States Court of Appeals
Fifth Circuit

**FILED**

November 4, 2015

Lyle W. Cayce
Clerk

COREY JAMAYNE TAYLOR,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-4412

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

Corey Jamayne Taylor, Texas prisoner # 1313186, was found guilty of
reckless injury to a child and was sentenced to 17 years of imprisonment.  His
initial 28 U.S.C. § 2254 application was dismissed as time barred.  Taylor filed
a subsequent § 2254 application challenging the instant conviction based upon
similar allegations to those raised in his initial application.  The district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-10042

transferred the application to this court as an unauthorized successive § 2254 application.

Taylor requests a certificate of appealability (COA) to appeal the district court's order transferring his application to this court as a successive § 2254 application.  Because "a transfer order under [28 U.S.C.] § 1631 is not a final order within the meaning of [28 U.S.C.] § 2253(c)(1)(B), . . . the appeal of such an order does not require a COA."  *United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015), *petition for cert. filed* (July 21, 2015) (No. 15-6348).  Thus, we deny Taylor's motion for a COA as unnecessary.

On appeal, Taylor does not address the reasoning of the district court's transfer order.  He does not contest whether the district court erred in finding that his § 2254 application was a successive application or set forth any bases upon which his application is not successive for purposes of § 2254.  The record otherwise reflects that the claims raised by Taylor are successive because they were, or could have been raised, in his first § 2254 application.  *See In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

Thus, the district court properly concluded that Taylor could not file his § 2254 application unless he obtained permission to do so from this court.  *See* 28 U.S.C. § 2244 (b)(3)(A).  The order of the district court therefore is affirmed.

COA DENIED; AFFIRMED.