# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

No. 15-10424
c/w No. 15-10488

United States Court of Appeals
Fifth Circuit

**FILED**

November 13, 2015

Lyle W. Cayce
Clerk

———————

In re: EMANUAL DELEON FIELDS,

Movant

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Consolidated With
Case No. 15-10488

EMANUAL DELEON FIELDS,

Petitioner - Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee,

————————————

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-3418

————————————

No. 15-10424
c/w No. 15-10488

Before CLEMENT, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Emanual Deleon Fields, Texas prisoner # 1127671, was convicted of three counts of aggravated robbery and was sentenced to 60 years of imprisonment. His initial 28 U.S.C. § 2254 was denied. Fields then filed a motion for leave to proceed on a claim of actual innocence. The district court construed the motion as an unauthorized successive § 2254 application and transferred the matter to this court. Fields now appeals the district court's transfer order and also moves for authorization to file a successive § 2254 application.

Fields sought to argue that he was actually innocent in light of facts that were know before trial. Therefore, the district court properly determined that the motion was an unauthorized successive § 2254 application. *See Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009). Fields does not challenge the district court's conclusion that his motion asserting actual innocence based on newly discovered evidence was an unauthorized successive § 2254 application. Because the district court properly concluded that Fields's motion constituted a successive § 2254 application, it did not err in transferring the motion to this court. *See* 28 U.S.C. § 2244(b)(3)(A); *United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015), *petition for cert. filed*, (Oct. 2, 2015) (No. 15-6348).

To obtain authorization to file a successive § 2254 application based on a claim that was not raised in a previous § 2254 application, an applicant must demonstrate that the claim relies on a "new rule of constitutional law, made

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and that the facts, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2).

Fields has not shown that his claims rely on a new factual predicate or on a new rule of constitutional law made retroactively applicable to his case on collateral review. *See* § 2244(b)(2). Accordingly, the transfer order of the district court is AFFIRMED. The motion for authorization to file a successive § 2254 application is DENIED.