**Timmy Antonio DAWSON,**
**Petitioner–Appellant**

v.

**William STEPHENS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent–Appellee.**

No. 15–10071.

United States Court of Appeals, Fifth Circuit.

Feb. 18, 2016.

Timmy Antonio Dawson, Tennessee Colony, TX, pro se.

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Timmy Antonio Dawson, Texas prisoner # 681033, filed an application for a writ of habeas corpus challenging his 1994 conviction of murder. The district court determined that the habeas application was successive and unauthorized, transferred the matter to this court for appropriate disposition, and decertified Dawson's in forma pauperis (IFP) status. Dawson has applied for a certificate of appealability (COA) for an appeal from the transfer order and has applied for leave to proceed IFP.

The request for a COA is DENIED AS UNNECESSARY. *See United States v. Fulton,* 780 F.3d 683, 688 (5th Cir.), *cert. denied,* —— U.S. ——, 136 S.Ct. 431, 193 L.Ed.2d 335 (2015). By moving to proceed IFP, Dawson is challenging the district court's certification that his appeal was not taken in good faith. *See Baugh v. Taylor,* 117 F.3d 197, 202 (5th Cir.1997). Our inquiry into Dawson's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *See Howard v. King,* 707 F.2d 215, 220 (5th Cir.1983) (internal quotation marks and citation omitted).

Dawson does not dispute that his habeas application is successive and unauthorized. *See* 28 U.S.C. § 2244(b)(3)(A). Instead, he contends that he should be permitted to

proceed because he is actually innocent, and he invokes *McQuiggin v. Perkins,* —— U.S. ——, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013), and *Schlup v. Delo,* 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Dawson has not shown that his claim of innocence is based upon new evidence, in light of which no reasonable juror would have voted to find him guilty beyond a reasonable doubt. *See Perkins,* 133 S.Ct. at 1928.

Dawson has not shown that his appeal of the transfer order involves a nonfrivolous issue. *See Howard,* 707 F.2d at 220; *see also Fulton,* 780 F.3d at 688. Accordingly, the IFP motion is DENIED, and the appeal is DISMISSED AS FRIVOLOUS. *See Howard,* 707 F.2d at 220; 5th Cir. R. 42.2.

Dawson is WARNED again that the filing of frivolous motions and other documents will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.