# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11363

United States Court of Appeals
Fifth Circuit

**FILED**
August 2, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CRYSTAL COMPTON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CV-1855

Before JOLLY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Crystal Compton, federal prisoner # 28755-177, moves for a certificate of appealability (COA) to appeal the district court's order transferring her 28 U.S.C. § 2255 motion to this court as an unauthorized successive § 2255 motion. The district court's transfer order is an appealable collateral order over which this court has jurisdiction. *In re Bradford*, 660 F.3d 226, 228-29 (5th Cir. 2011). However, because such a transfer order is completely separate from the merits of the action, it is not a final order within the meaning of 28

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11363

U.S.C. § 2253(c)(1)(B), and a COA is not required. *See United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015). Therefore, Compton's request for a COA is denied as unnecessary. *See id.*

On appeal, Compton reasserts the claims raised in her § 2255 motion and raises numerous issues for the first time on appeal. She does not identify any error in the district court's order transferring her motion to this court as an unauthorized successive § 2255 motion. When an appellant fails to make any argument challenging the district court's ruling, it "is the same as if he had not appealed that judgment." *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). By not identifying any error in the district court's order, Compton has abandoned the only issue before this court. *See Brinkmann*, 813 F.2d at 748. Because Compton's § 2255 motion was indeed successive and filed without our authorization, the district court did not err in transferring it for lack of jurisdiction.[1] *See Fulton*, 780 F.3d at 686, 689.

MOTION FOR COA DENIED AS UNNECESSARY; AFFIRMED.

---

[1] In a previous case, we denied her request for permission to file a successive habeas petition. *In re Compton*, No. 16-10968 (5th Cir. Sept. 29, 2016).