# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30816
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 18, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL SHORT, also known as Nate,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:96-CR-232-1

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:*

Michael Short, federal prisoner # 22355-034, argues that the district court erred in transferring his Federal Rule of Civil Procedure 60(b) motion to this court as an unauthorized successive 28 U.S.C. § 2255 motion. He asserts that the district court made a procedural error when it denied a claim raised in his first § 2255 motion that his counsel was ineffective because he did not challenge Short's prolonged detention to conduct a dog sniff during which cell

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30816

phone numbers were illegally obtained.  Short contends that the Supreme Court's decision in *Rodriguez v. United States*, 135 S. Ct. 1609 (2015), clarified that the legal theory supporting his claim was correct.  He maintains that the district court made a procedural error when it denied his ineffective assistance claim on the ground that the Fourth Amendment issue was raised and decided on direct appeal.  Alternatively, Short argues that the district court had jurisdiction to consider his Rule 60(b) motion because his claim did not become ripe until the Supreme Court issued its decision in *Rodriguez*.

Because Short's Rule 60(b) motion challenged the denial of the ineffective assistance claim in part on the merits based on *Rodriguez*, the district court correctly determined that the motion was an unauthorized successive § 2255 motion.  *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 & n.4 (2005).  In addition, Short did not demonstrate the district court made a procedural error when it denied his ineffective assistance claim.  The district court denied Short's ineffective assistance claim on the merits, holding that Short's counsel was not ineffective for failing to challenge the detention and the subsequent seizure of the cell phone numbers because Short did not have standing to challenge the seizure of the cell phones as this court held on direct appeal.  The district court did not misconstrue the ineffective assistance claim as the same claim that Short raised on direct appeal.

Further, Short's argument that his claim was not ripe until *Rodriguez* was decided lacks merit.  Because the factual basis of Short's ineffective assistance argument was available to him at the time he filed his first § 2255 motion, the claim was ripe at that time, rather than when he discovered a new legal authority that supports it.  *See United States v. Fulton*, 780 F.3d 683, 685 & n.8 (5th Cir. 2015).

No. 16-30816

Accordingly, the district court did not have jurisdiction to consider Short's Rule 60(b) motion and did not err in transferring it to this court. *See Fulton*, 780 F.3d at 686. Short's reliance on *Buck v. Davis*, 137 S. Ct. 759 (2017), is misplaced because that decision does not support his argument that the district court erred in determining that his Rule 60(b) motion was an unauthorized successive § 2255 motion. For these reasons, the district court's transfer order is affirmed, and Short's motion to certify questions is denied.

Short is advised that future frivolous or repetitive challenges to his convictions and sentences in this court or any court subject to this court's jurisdiction will result in the imposition of sanctions. Short should review any pending matters and move to dismiss those that are frivolous.

AFFIRMED; MOTION DENIED; SANCTION WARNING ISSUED.