# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-31015
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 23, 2017

Lyle W. Cayce
Clerk

DANIEL WATTS,

                                        Petitioner-Appellant

v.

ROBERT C. TANNER, WARDEN, B. B. RAYBURN CORRECTIONAL
CENTER,

                                        Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-12936

Before STEWART, Chief Judge, and DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Daniel Watts, Louisiana prisoner # 437719, was convicted of attempted second-degree murder and sentenced to 50 years in prison. After his 28 U.S.C. § 2254 petition was dismissed as untimely, he filed a 28 U.S.C. § 2241 petition challenging his conviction. The district court construed this motion as an unauthorized successive § 2254 petition and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

transferred the matter to this court.  The district court's transfer order is an appealable collateral order over which this court has jurisdiction.  *See In re Bradford*, 660 F.3d 226, 228-29 (5th Cir. 2011); *see also United States v. Fulton,* 780 F.3d 683, 688 (5th Cir. 2015).

Watts argues that the district court erred by construing his § 2241 petition as a successive § 2254 application.  According to Watts, he was convicted of an illegal, nonresponsive verdict, and, as such, he asserts that he is not challenging his conviction under § 2254 because there is no valid conviction to challenge.

As the record shows, Watts's petition challenges the validity of the same Louisiana conviction for attempted second-degree murder that was the subject of his first § 2254 petition, and this challenge could have been raised in that petition.  *See Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).  Therefore, the district court properly construed the petition as a successive § 2254 petition, over which it lacked jurisdiction, and transferred it to this court.  *See Felker v. Turpin*, 518 U.S. 651, 662 (1996); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).  Accordingly, we AFFIRM the district court's transfer order.