# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10565
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 11, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JEFFREY DENMAN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CV-1188
USDC No. 3:05-CR-51-3

Before DENNIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jeffrey Denman, federal prisoner # 06640-078, seeks a certificate of appealability (COA) to challenge the district court's order transferring his motion, styled under Federal Rule of Civil Procedure 60(b), to this court as an unauthorized successive 28 U.S.C. § 2255 motion. The clerk of court docketed the transfer under case number 17-10491 and directed Denman to seek

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

authorization to file a successive habeas petition. When he failed to do so, that action was dismissed. Meanwhile, Denman filed a notice of appeal from the transfer order, initiating this appeal.

The transfer of an unauthorized § 2255 motion is not a final order under 28 U.S.C. § 2253(c)(1)(B). *See United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015). Therefore, "the appeal of such an order does not require a COA." *Id.* According to Denman, with the benefit of liberal construction, the district court improperly construed his Rule 60(b) motion as an unauthorized successive § 2255 motion. A motion styled under Rule 60(b) that raises new "claims" or attacks the district court's merits-based resolution of prior habeas claims should be construed as a successive habeas application. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 & n.4 (2005); *Williams v. Thaler*, 602 F.3d 291, 304 (5th Cir. 2010). The arguments in Denman's putative Rule 60(b) motion raised new claims, *see Gonzalez*, 545 U.S. at 531–32 & n.4, and therefore the district court did not err in construing his motion as a successive § 2255 motion.

Accordingly, Denman's motion for a COA is DENIED AS UNNECESSARY. The district court correctly transferred the application to this court and that order is AFFIRMED.