# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-20448

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RHONDA FLEMING,

Defendant-Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

August 14, 2018

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-2799
USDC No. 4:07-CR-513-1

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Rhonda Fleming, federal prisoner # 20446-009, argues that the district court erred in transferring her Federal Rule of Civil Procedure 60(b) motion to this court as an unauthorized successive 28 U.S.C. § 2255 motion. The clerk of this court docketed the transfer under case number 17-20412; however, the proceeding was dismissed when Fleming failed to comply with a court order.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20448

Meanwhile, Fleming initiated this appeal by filing a notice of appeal referencing the transfer order.

The transfer order of an unauthorized § 2255 motion is not a final order under 28 U.S.C. § 2253(c)(1)(B). *See United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015). Therefore, "the appeal of such an order does not require" a certificate of appealability (COA). *Id.* According to Fleming, the district court made a procedural error when it denied a COA on her original § 2255 motion without citing to any case law. Thus, she contends that, following *Buck v. Davis*, 137 S. Ct. 759 (2017), the district court may have applied an incorrect standard for determining whether she was entitled to a COA. Fleming asks this court to vacate the underlying judgment, reconsider the claims presented in her § 2255 motion as well as new claims based on new evidence and new rules of constitutional law, and either grant relief under § 2255 or grant her a COA under the *Buck* standard.

A Rule 60(b) motion raising new substantive claims or attacking the merits-based resolution of prior § 2255 claims should be construed as a successive § 2255 motion. *Gonzalez v. Crosby*, 545 U.S. 524, 529-31 (2005). However, a Rule 60(b) motion is not a successive § 2255 motion if it "attacks . . . some defect in the integrity of the federal habeas proceedings." *Id.* at 532. To the extent that Fleming is arguing that *Buck* established the existence of a defect in the initial § 2255 proceedings, her claim is without merit; *Buck* did not alter the Supreme Court's COA analysis, and there is no indication that Fleming did not receive a proper review of her COA claims. Moreover, to the extent that she is using her *Buck* claim as a vehicle to obtain review of the merits of her initial and new § 2255 claims, her Rule 60(b) motion was in fact an unauthorized successive § 2255 motion, and the district court properly transferred the pleading to this court.

No. 17-20448

Accordingly, Fleming's motion for a COA is DENIED AS UNNECESSARY. The district court's order transferring her Rule 60(b) motion to this court is AFFIRMED. The outstanding motion for leave to proceed in forma pauperis on appeal is DENIED.