# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10837
c/w No. 18-10888
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 5, 2018

Lyle W. Cayce
Clerk

In re:  EMANUAL DELEON FIELDS,

Movant

_____

cons/w 18-10888

EMANUAL DELEON FIELDS,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-357

Before SMITH, HIGGINSON, and DUNCAN, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10837
c/w No. 18-10888

Emanual Deleon Fields, Texas prisoner # 01127671, was convicted of three aggravated robberies and sentenced to 60 years imprisonment. After his convictions were affirmed on direct appeal, Fields filed a 28 U.S.C. § 2254 petition asserting a claim under *Batson v. Kentucky*, 476 U.S. 79 (1986). The district court denied his petition for habeas corpus, and this court affirmed. *Fields v. Thaler*, 588 F.3d 270 (5th Cir. 2009). Fields subsequently filed successive § 2254 applications asserting actual innocence. This court denied Fields authorization to file his successive petitions.

Fields now seeks to renew the claim raised in his initial § 2254 application that the prosecution used peremptory strikes in a racially discriminatory manner. Fields filed a motion in district court invoking Federal Rule of Civil Procedure 60(b)(6). The district court construed Fields's motion as an unauthorized successive § 2254 application and transferred the matter to this court. Fields now appeals the district court's transfer order and moves for authorization to file a successive § 2254 application.

Fields previously raised his *Batson* claim in his initial § 2254 application, and the claim is based on facts known at trial. Therefore, the district court properly determined that the motion was an unauthorized successive § 2254 application. *See Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009); 28 U.S.C. § 2244(b)(1). Because the district court properly concluded that Fields's motion constituted a successive § 2254 application, it did not err in transferring the motion to this court. *See* § 2244(b)(3)(A); *United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015).

To obtain authorization to file a successive § 2254 application, an applicant must demonstrate that the claim relies on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or that "the factual predicate

for the claim could not have been discovered previously through the exercise of due diligence" and that the facts, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2).

Fields has not shown that his claim relies on a new factual predicate or on a new rule of constitutional law made retroactively applicable by the Supreme Court to his case on collateral review. *See* § 2244(b)(2). Fields's argument that this court's grant of a certificate of appealability in *Rhoades v. Davis*, 852 F.3d 422 (5th Cir. 2017), supports his *Batson* claim is not a permissible basis to authorize a successive petition. To the extent that Fields raises the identical claim that he raised in his initial § 2254 application, that claim is not considered. *See* § 2244(b)(1).

Accordingly, the transfer order of the district court is AFFIRMED. Fields's motion for leave to proceed in forma pauperis on appeal is DENIED. The motion for authorization to file a successive § 2254 application is DENIED. Fields is WARNED that future frivolous or repetitive challenges to his conviction and sentence in this court or any court subject to this court's jurisdiction will result in the imposition of sanctions.