# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 11, 2021

Lyle W. Cayce
Clerk

No. 20-10069
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

KEVIN D. MOORE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CV-2919
USDC No. 3:07-CR-125-1

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:*

Kevin D. Moore, federal prisoner # 36285-177, was convicted by a jury of shipping child pornography as well as possession of child pornography and was sentenced to 360 months of imprisonment. The district court denied his

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10069

28 U.S.C. § 2255 motion, and a judge of this court denied his motion for a certificate of appealability (COA). Moore then filed a second § 2255 motion, raising a claim of ineffective assistance of counsel. The district court construed his motion as an unauthorized successive § 2255 motion and transferred it to this court. We denied Moore's motion for authorization to file a successive § 2255 motion in Case No. 19-11345.

After the district court transferred his motion, Moore filed a Federal Rule of Civil Procedure 59(e) motion to alter or amend the judgment, contending that his § 2255 motion was not successive because it raised a claim that could not have been raised in his original § 2255 motion in that it was premised on evidence that he discovered after the final adjudication of his original § 2255 motion. The district court denied the Rule 59(e) motion, and Moore timely noticed his appeal from that order. Moore's notice of appeal places the propriety of the underlying judgment, the transfer order, before this court. *See Martinez v. Johnson*, 104 F.3d 769, 771 (5th Cir. 1997). The transfer order is an appealable collateral order over which this court has jurisdiction, *see In re Bradford*, 660 F.3d 226, 228-29 (5th Cir. 2011); a COA is not required, *see United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015).

On appeal, Moore contends that his § 2255 motion was not successive for the same reasons he advanced in his Rule 59(e) motion. A second or successive motion is one that "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009) (internal quotation marks and citation omitted). If the purported defect existed, or the claim was ripe, at the time of the prior petition, the later application is likely to be held successive. *Id.* at 222. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous application, the later application based on that defect may be non-successive. *Id.*

2

In this case, the defect of which Moore complains—his trial counsel's ineffective assistance for failure to convey a plea offer—necessarily existed at the time Moore filed his prior § 2255 motion. That the evidence of that defect was not discovered—or could not have been discovered—until after he filed his first § 2255 motion does not mean that the claim was not previously available. *See Leal Garcia*, 573 F.3d at 221-22. Thus, his § 2255 motion is successive. Because his § 2255 motion was indeed successive and filed without our authorization, the district court did not err in transferring it for lack of jurisdiction. *See Fulton*, 780 F.3d at 686. Accordingly, we AFFIRM the district court's transfer order.

Given Moore's repeated efforts to raise the same claim, he is CAUTIONED that future frivolous, repetitive, or abusive filings may result in sanctions, including monetary penalties or restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction.