# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 6, 2023

Lyle W. Cayce
Clerk

No. 22-30415
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Karl David Kretser, Jr.,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:06-CR-20062-1

_____

Before Jolly, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

In 2007, Karl David Kretser, Jr., federal prisoner # 13308-035, was convicted by a jury of using a facility in interstate commerce to attempt to coerce a minor to engage in criminal sexual acts. More than 14 years later, in 2022, Kretser filed a motion for a new trial based on newly discovered evidence, invoking Federal Rule of Criminal Procedure 33. The district court

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

denied the motion because it was not filed within three years after the verdict or finding of guilty and thus was prohibited under Rule 33(b)(1). Kretser now appeals.

Because the Government argued in the district court that Kretser's motion was untimely under Rule 33(b)(1), the denial of the motion on that basis was mandatory. *See Eberhart v. United States*, 546 U.S. 12, 19 (2005). Therefore, the district court did not abuse its discretion in denying Kretser's motion for a new trial. *See United States v. Franklin*, 561 F.3d 398, 405 (5th Cir. 2009).

Kretser asserts the district court erred because it did not liberally construe his motion as a Federal Rule of Civil Procedure 59(e) or 60(b) motion or a successive 28 U.S.C. § 2255 motion. However, the rules of civil procedure do not provide for relief in criminal proceedings. *See* Fed. R. Civ. P. 1; Fed. R. Civ. P. 81(a)(4); Fed. R. Crim. P. 1(a). To the extent the motion sought relief under Rule 59 or Rule 60(b), it was "a meaningless, unauthorized motion" that the district court lacked jurisdiction to consider. *United States v. Early*, 27 F.3d 140, 141-42 (5th Cir. 1994).

In addition, if the district court had construed Kretser's motion as a successive § 2255 motion, he would not have been entitled to relief. The motion raised a claim based on a defect that existed at the time Kretser filed his initial § 2255 motion challenging this conviction, even if the defect was not previously discoverable. *See Leal Garcia v. Quarterman*, 573 F.3d 214, 220 22 (5th Cir. 2009). Thus, his motion would have been considered successive. *See id.* Because Kretser did not obtain this court's authorization to file a successive § 2255 motion, *see* § 2255(h); 28 U.S.C. § 2244(b)(3)(A), the district court did not have jurisdiction to consider it. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015).

AFFIRMED.