# United States Court of Appeals for the Fifth Circuit

No. 24-30316
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 26, 2025

Lyle W. Cayce
Clerk

Louie M. Schexnayder, Jr.,

*Petitioner—Appellant*,

*versus*

Tim Hooper, *Warden, Louisiana State Penitentiary*,

*Respondent—Appellee*.

───────────────────────

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:99-CV-93

───────────────────────

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Louie M. Schexnayder, Jr., Louisiana prisoner # 108097, seeks to proceed in forma pauperis ("IFP") on appeal from the district court's order transferring his Federal Rule of Civil Procedure 60(b)(4) motion and incorporated motion for recusal to this court as an unauthorized successive 28 U.S.C. § 2254 application.

───────────────────────

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-30316

In his brief, Schexnayder argues that the district court abused its discretion and violated his constitutional rights by disregarding his motion for recusal. He also renews his arguments challenging the constitutionality of (i) the district court's denial of his supplemental § 2254 claim challenging the state courts' habeas review; (ii) his nonunanimous verdict; (iii) the grand jury selection procedure; and (iv) the denial of his right to counsel during critical stages of his criminal proceedings. He contends that these constitutional violations rendered the relevant judgments void.

Because Schexnayder's claims either challenge the district court's resolution of his supplemental § 2254 claim on the merits, or were or could have been raised during Schexnayder's previous § 2254 proceedings, the district court did not err in construing the purported Rule 60(b)(4) motion as a successive § 2254 application and transferring it and the incorporated motion for recusal to this court. *See United States v. Fulton*, 780 F.3d 683, 685–86 (5th Cir. 2015); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). Any argument to the contrary would be frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (per curiam). Additionally, Schexnayder has not made a nonfrivolous showing that the district court abused its discretion in issuing its transfer order without first addressing the merits of his motion for recusal. *See* 28 U.S.C. § 455(a), (b)(1); *United States v. Scroggins*, 485 F.3d 824, 829–30 (5th Cir. 2007).

In sum, Schexnayder fails to demonstrate that "the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard*, 707 F.2d at 220 (internal quotation marks and citations omitted). Accordingly, his motion to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2. Schexnayder's motion for the appointment of counsel is also DENIED.

2