# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

─────────

No. 17-40232
Summary Calendar

─────────

United States Court of Appeals
Fifth Circuit

**FILED**

September 29, 2017

Lyle W. Cayce
Clerk

VAUDA VIRGLE SHIPP, JR.,

Petitioner-Appellant

v.

RACHEL CHAPA, Warden; FRANK LARA, Warden; UNITED STATES OF AMERICA,

Respondents-Appellees

─────────────

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:16-CV-71

─────────────

Before DAVIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Vauda Virgle Shipp, Jr., federal prisoner # 09724-062, seeks leave to appeal in forma pauperis (IFP) from the district court's denial of his 28 U.S.C. § 2241 petition. The district court determined that Shipp could not pursue relief under § 2241 because he failed to show that relief under 28 U.S.C. § 2255 would be inadequate or ineffective, as is required by the savings clause of

─────────────

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40232

§ 2255.  A movant seeking leave to proceed IFP on appeal in a civil case must show that he is a pauper and that the appeal raises nonfrivolous issues.  *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

We review the dismissal of a § 2241 petition de novo.  *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000).  A federal prisoner may attack the validity of his conviction in a § 2241 petition if he can meet the requirements of the savings clause of § 2255.  *Id.*  The prisoner must make the showing that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention."  § 2255(e); *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001).  A petitioner's inability to meet the procedural requirements of § 2255 is insufficient to make the required showing.  *Pack v. Yusuff*, 218 F.3d 451, 452-53 (5th Cir. 2000).  Rather, a prisoner who wishes to proceed under the savings clause must establish that his claim "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and that the claim "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion."  *Reyes-Requena*, 243 F.3d at 904.

Shipp argues that he was sentenced under a nonexistent statute because *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016), invalidated the residual clause of 18 U.S.C. § 924(e).  As *Johnson* and *Welch* address sentencing issues and have no effect on whether the facts of Shipp's case would support his conviction for the substantive offense, they are not retroactively applicable Supreme Court decisions indicating that he was convicted of a nonexistent offense.  *See Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005) (holding that a petitioner's claim that his terms of imprisonment exceeded the statutory

maximum for the charged offense did not fulfill the first prong of *Reyes-Requena*); *see also Kinder*, 222 F.3d at 213-14 (holding that a claim that the § 2241 petitioner was actually innocent of being a career offender under U.S.S.G. § 4B1.1 was not a claim that the petitioner was actually innocent of the crime of conviction); *see also In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011) (same); *Preston v. Ask-Carlson*, 583 F. App'x 462, 463 (5th Cir. 2014) ("[C]laims relating to sentencing determinations do not fall within the savings clause and are not cognizable under § 2241, even where the petitioner asserts a 'miscarriage of justice' or actual innocence relating to the alleged sentencing errors."). Additionally, Shipp's remaining claims regarding the Magistrate Judge's alleged bias and authority are not based on a retroactively applicable Supreme Court decision that would have established he was convicted of a nonexistent offense. *See Reyes-Requena*, 243 F.3d at 904. Because Shipp has failed to demonstrate that he will raise a nonfrivolous issue on appeal, *see Carson*, 689 F.2d at 586, his IFP motion is DENIED, and his appeal is DISMISSED as frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. Shipp's motions for bail pending appeal and appointment of counsel are likewise DENIED.