# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11405
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 26, 2019

Lyle W. Cayce
Clerk

JASON JONES,

Petitioner - Appellant

v.

MARTHA UNDERWOOD, Warden,

Respondent - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-1961

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Jason Jones, federal prisoner # 21370-031 and proceeding *pro se*, contests the dismissal of his 28 U.S.C. § 2241 petition challenging his sentence of 180-months' imprisonment. Jones was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 924(g)(1). His mandatory minimum sentence was enhanced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1). Relying on *Mathis v. United States*, 136 S. Ct.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

2243 (2016), Jones asserts his prior state burglary convictions are not predicate offenses under the ACCA.

The dismissal of a § 2241 petition is reviewed *de novo*. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). To proceed under § 2241, Jones must show relief under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention". 28 U.S.C. § 2255(e). To do so, Jones must show his petition states a claim that: "is based on a retroactively applicable Supreme Court decision which establishes . . . [he] may have been convicted of a nonexistent offense"; and "was foreclosed by circuit law at the time when the claim should have been raised in [his] trial, appeal, or first § 2255 motion". *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

As Jones concedes, he cannot make this showing. Along that line, our court has repeatedly held a district court lacks jurisdiction to review a § 2241 petition that challenges the validity of a sentencing enhancement. *See*, *e.g.*, *Shipp v. Chapa*, 698 F. App'x 202, 203 (5th Cir. 2017) (collecting cases); *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011); *Padilla v. United States*, 416 F.3d 424, 426–27 (5th Cir. 2005). Accordingly, Jones invites our court to expand the *Reyes-Requena* test. Under our court's rule of orderliness however, we are bound by our precedent. *E.g.*, *United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014).

AFFIRMED.