**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 7, 2011

Lyle W. Cayce
Clerk

Nos. 10-11236 & 10-11249

In re:   CECIL LUMONT BRADFORD,

Movant

CECIL LUMONT BRADFORD,

Petitioner - Appellant

v.

REBECCA TAMEZ, Warden

Respondent - Appellee

Appeals from the United States District Court
for the Northern District of Texas

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:

Proceeding *pro se*, Cecil Lumont Bradford appeals the district court's order transferring his 28 U.S.C. § 2255 motion to this Court.  Additionally, Bradford has filed a motion for a Certificate of Appealability or, in the alternative, a motion for authorization to file a successive § 2255 motion.  After first determining sua sponte that we have jurisdiction over the appeal, we affirm the district court's transfer order and deny the motion for authorization to file a successive § 2255 motion.

Nos. 10-11236 & 10-11249

## I.     PROCEDURAL HISTORY

Bradford pleaded guilty to one count of possession of cocaine with intent to distribute and one count of felony possession of a firearm.  The district court imposed a career offender enhancement pursuant to U.S.S.G. § 4B1.1, and sentenced Bradford to 170 months of imprisonment on the drug count and 120 months of imprisonment on the firearm count.  He did not file a direct appeal.

Bradford thereafter moved to vacate his sentence pursuant to § 2255.  The district court denied the motion, which Bradford did not appeal.  Subsequently, in this Court, he filed a motion for leave to file a successive § 2255 motion challenging the career offender enhancement to his sentence and arguing, among other things, that a new rule of constitutional law set forth in *Chambers v. United States*, 555 U.S. 122 (2009), supported his claim.  This Court denied the motion.

Most recently, Bradford filed two petitions for habeas relief pursuant to 28 U.S.C. § 2241 which the district court consolidated, construed as a second or successive § 2255 motion, and transferred to this Court.  Bradford timely filed a notice of appeal from the judgment and also filed a separate motion for a COA or, in the alternative, a motion for authorization to file a successive § 2255 motion.  Although initially docketed as separate matters, the motion and the appeal were later consolidated.

## II.     ANALYSIS

### A.     Jurisdiction

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary."  *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987).  We now determine whether this Court has jurisdiction over the district court's order transferring his motion for authorization to file a successive § 2255.  Pursuant to the collateral order doctrine, a litigant may immediately appeal a collateral order if the order "(1) conclusively determines the disputed question, (2) resolves

2

an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment." *A-Mark Auction Galleries, Inc. v. American Numismatic Ass'n*, 233 F.3d 895, 898 (5th Cir. 2000).

In *Brinar v. Williamson*, 245 F.3d 515 (5th Cir. 2001), this Court held that a district court's order transferring a habeas corpus petition to another circuit was not an appealable, interlocutory order. The district court construed the petitioner's § 2241 petition as a successive § 2255 motion and transferred it to the Ninth Circuit Court of Appeals because that is the jurisdiction in which the petitioner had been sentenced. *Id*. at 516. The transfer was authorized by 28 U.S.C. § 1631, which provides that if a civil action is filed in a court that has no jurisdiction then "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed." This Court reasoned that because the § 2255 was pending in another circuit, the transfer order was reviewable, and therefore, it was not a final adjudication. *Id*. at 517-18. Because it was not an appealable collateral order, we dismissed the case for lack of jurisdiction.

In the instant case, as in *Brinar*, the district court transferred Bradford's case pursuant to § 1631. However, the material distinction is that the transfer of the successive motion in *Brinar* was to another circuit, and Brinar's appeal of the transfer order was to this Court. Thus, in *Brinar*, the transferred motion was pending before another court. Here, both the appeal of the order and the successive motion are before this Court, and if this Court dismisses it, the claim that the district court erroneously transferred it would be effectively unreviewable. Indeed, in *Brinar,* this Court expressly recognized that a petitioner who argued that the district court improperly characterized the § 2241 petition as a successive § 2255 motion would be able to raise that point in the transferee court. 245 F.3d at 517. Because the transferee court could address

that argument, it was reviewable. Since it was reviewable, it was not appealable under the collateral order doctrine. *Id.* (citing *Middlebrooks v. Smith*, 735 F.2d 431 (11th Cir. 1984)); *accord Murphy v. Reid*, 332 F.3d 82, 84-85 (3d Cir. 2003) (explaining that the transferee court is free to consider whether the district court correctly determined that the § 2241 writ was actually a successive § 2255 motion). In the instant case, as the transferee court, we have before us both the appeal from the transfer order and the § 2255 motion. If this Court dismisses the appeal, it is effectively unreviewable. *Brinar* therefore is inapposite.

Subsequent to *Brinar*, in *Henderson v. Haro*, a petitioner had filed several § 2255 motions that had been denied. 282 F.3d 862, 863 (5th Cir. 2002). The petitioner then filed a writ under § 2241, alleging a defective indictment and ineffective assistance of counsel. *Id.* The district court construed the writ as a § 2255 motion and transferred it to this Court to determine whether a successive motion would be authorized. *Id.* Henderson appealed the transfer order, arguing that the district court erred in construing his § 2241 writ as a § 2255 motion. This Court affirmed the district court's transfer order, and denied leave to file a successive § 2255 petition. *Id.* at 864. In *Henderson*, we did not expressly consider whether we had jurisdiction over the appeal. We now hold that this Court has jurisdiction over appeals from orders that transfer successive motions to this Court.[1] As previously explained, *Brinar* is inapposite because it involved a transfer of the successive petition to another circuit, and the appeal of the transfer order was before this Court. The instant cases are like *Henderson* in that the successive § 2255 motion and the appeal from the transfer order are both before this Court. Here, the appeal of the transfer order: (1) will conclusively determine the correctness of the transfer; (2) is separate from the

---

[1] We are aware that we have treated this issue inconsistently in our unpublished opinions. Such opinions, however, are not binding precedent. *Arnold v. Thaler*, 630 F.3d 367, 371 n.2 (5th Cir. 2011) (citing 5th Cir. R. 47.5.4).

merits of the § 2255 motion; and (3) is effectively unreviewable if the appeal is dismissed. As in *Henderson*, this is an appealable, collateral order, and we thus have jurisdiction over the order and the § 2255 motion.

### B.    Successive § 2255 Motion

We now turn to determine whether the district court properly characterized Bradford's § 2241 petitions as a § 2255 motion, which the court transferred to this Court as a successive motion. Section 2255 provides the "primary means of collaterally attacking a federal sentence" based on "errors that occurred at or prior to the sentencing." *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005) (internal quotation marks and citation omitted). A § 2241 petition attacking the imposition of a federal sentence may be considered only where the petitioner establishes that § 2255 is inadequate or ineffective to test the legality of his detention. *Id.* at 426. The petitioner must affirmatively establish that § 2255 is an inadequate or ineffective remedy. *Id.* This requires a showing (i) that his claim "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and (ii) that the claim "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Bradford argues that he was erroneously sentenced as a career offender in light of recent decisions issued by the United States Supreme Court in *Chambers v. United States*, 555 U.S. 122 (2009), *Begay v. United States*, 553 U.S. 137 (2008), and *James v. United States*, 550 U.S. 192 (2007), and contends that, as a result, he has been convicted of a nonexistent offense. However, this Court has held that a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241. *Kinder v. Purdy*, 222 F.3d 209, 213-14

Nos. 10-11236 & 10-11249

(5th Cir. 2000). Bradford fails the first prong of the *Reyes-Requena* test such that the district court properly construed his § 2241 petitions as a successive § 2255 motion. *See Reyes-Requena*, 243 F.3d at 904; *Padilla*, 416 F.3d at 425-26. Thus, the district court properly transferred the successive motion to this Court.

C.    Motion for Authorization

Bradford separately moves for authorization to file a second or successive § 2255 motion. A prisoner must seek authorization from this Court before a second or successive § 2255 motion may be filed in the district court. *See* § 2255(h); 28 U.S.C. § 2244(b)(3)(A). The movant must make a prima facie showing that his proposed § 2255 motion relies upon either (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h); § 2244(b)(3)(C); *Reyes-Requena*, 243 F.3d at 897. When seeking leave to file a successive § 2255 motion on the basis of a new rule of constitutional law, a movant "must point to a Supreme Court decision that either expressly declares the collateral availability of the rule . . . or applies the rule in a collateral proceeding." *In re Tatum*, 233 F.3d 857, 859 (5th Cir. 2000) (internal quotation marks and citation omitted).

Bradford does not base his motion for authorization upon newly discovered evidence; rather, relying on § 2255(h)(2), he contends that he was erroneously sentenced as a career offender in light of what he asserts is a new rule of constitutional law announced, collectively, in *Chambers, Begay*, and *James*. However, these cases were direct appellate, not collateral, proceedings. *Chambers*, 555 U.S. at 125; *Begay*, 553 U.S. at 140; *James*, 550 U.S. at 195-96. Moreover, in none of these cases did the Court state that its holding was

6

retroactively applicable on collateral review. Bradford does not cite (nor do we find) Supreme Court precedent declaring that those cases are to be applied retroactively. He therefore fails to show that *Chambers, Begay*, and *James* were made retroactive to cases on collateral review by the Court. *See Tatum*, 233 F.3d at 859; § 2255(h)(2).

III.    CONCLUSION

For the foregoing reasons, the district court's transfer order is AFFIRMED and the motion for authorization is DENIED.