**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 19, 2012

Lyle W. Cayce
Clerk

No. 11-10955
Summary Calendar

PEDRO OSEQUERA MORALES,

Petitioner-Appellant

v.

REBECCA TAMEZ,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CV-57

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Pedro Osequera Morales, federal prisoner #25327-018, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for lack of jurisdiction. Osequera Morales argues that he is actually innocent of the offense of conviction. He contends that he pleaded guilty to an indictment that charged him with a violation of 21 U.S.C. § 841(b)(1)(D), which provides a maximum sentence of five years. Therefore, he argues that his 195-month sentence is invalid because it exceeds the statutory maximum sentence for the offense to which he pleaded

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guilty. Osequera Morales contends that his claim falls within the savings clause of 28 U.S.C. § 2255 because it is based on *Begay v. United States*, 553 U.S. 137 (2008), which is retroactively applicable to his case on collateral review.

A petitioner can attack the validity of his conviction and sentence in a § 2241 petition only if he can meet the requirements of the savings clause of § 2255(e). *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000). The petitioner shoulders the burden of affirmatively showing that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." § 2255(e); *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001).

The Court held in *Begay* that a conviction for driving under the influence of alcohol was not a "violent felony" within the meaning of the residual clause of the Armed Career Criminal Act. *Begay*, 553 U.S. at 148. Thus, the holding in *Begay* has no relevance to Osequera Morales's case. Additionally, *Begay* is not retroactively applicable to cases on collateral review. *In re Bradford*, 660 F.3d 226, 230-31 (5th Cir. 2011).

Osequera Morales has not shown that his claim "is based on a retroactively applicable Supreme Court decision which establishes that [he] may have been convicted of a nonexistent offense." *See Reyes-Requena*, 243 F.3d at 904. Thus, he has not shown that he is entitled to proceed under the savings clause of § 2255. *See* § 2255(e); *Reyes-Requena*, 243 F.3d at 904. Accordingly, the judgment of the district court is AFFIRMED. The Respondent's motion for summary affirmance is GRANTED, and its alternative motion for an extension of time in which to file a brief is DENIED.