# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31267
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 28, 2015

Lyle W. Cayce
Clerk

WAYNE VINSON,

Petitioner-Appellant

v.

C. MAIORANA,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:13-CV-1534

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Wayne Vinson, federal prisoner # 14878-171, pleaded guilty in the District Court of South Carolina to being a felon in possession of a firearm and was sentenced below the applicable guidelines range to 210 months in prison after the district court determined that he had three prior qualifying felony convictions under the Armed Career Criminal Act (ACCA). He appeals the district court's dismissal of his 28 U.S.C. § 2241 petition, in which he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenged the ACCA enhancement. Relying on the Supreme Court's decisions in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), Vinson maintains that his state assault and battery conviction did not qualify as a predicate offense for ACCA purposes and that he is therefore actually innocent of the sentencing enhancement. He contends that he should have been permitted to proceed under the savings clause of 28 U.S.C. § 2255, which allows a federal prisoner to attack the legality of his conviction in a § 2241 petition if he is able to show that the remedies provided under § 2255 are "inadequate or ineffective to test the legality of his conviction." § 2255(e).

As a general rule, a federal prisoner who seeks to collaterally challenge the legality of his conviction or sentence must file a § 2255 motion in the sentencing court. *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005). However, the prisoner may proceed under § 2241 with such a challenge if he satisfies the savings clause of § 2255(e). *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). To proceed under the savings clause, the prisoner must make a claim "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id.* at 904.

In his § 2241 petition, Vinson challenges only the applicability of the ACCA sentencing enhancement. "[A] claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, [is] not the type of claim that warrants review under § 2241. *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011); *see Reyes-Requena*, 243 F.3d at 904. Vinson contends that if the ACCA does not apply, his sentence

2

No. 14-31267

exceeds the statutory maximum, in violation of due process and the Eighth Amendment. He argues that in such circumstances this court should consider sentencing challenges under the § 2255 savings clause, as other circuits have done. In the absence of an en banc decision by this court or an intervening Supreme Court decision overruling *Reyes-Requena*, this court is bound by its own precedent. *See United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014). Vinson's contention that *Persaud v. United States*, 134 S. Ct. 1023 (2014), stands for the proposition that sentencing enhancements based on ineligible prior convictions are errors amenable to § 2241 relief is unavailing as *Persaud* is not a substantive decision. Consequently, the judgment of the district court is AFFIRMED.