# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40606
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 9, 2015

Lyle W. Cayce
Clerk

ALI RENO HARDEN,

Petitioner - Appellant

v.

WARDEN S. YOUNG, Warden of Federal Correctional Institution,

Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:14-CV-6

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ali Reno Harden, federal prisoner #13622-021, was sentenced in the Southern District of Georgia to 180 months' imprisonment for, *inter alia*, possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The court applied an enhanced sentence of 120 months for that conviction, pursuant to 21 U.S.C. §§ 841(b)(1)(B) and 851 (imposing 10-year minimum term of imprisonment for violation committed

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-40606

after prior, final conviction for felony drug offense), because Harden had a previous state-court felony conviction for possession of cocaine. The eleventh circuit affirmed Harden's sentence; his subsequent 28 U.S.C. § 2255 motion, also filed in the Southern District of Georgia, was denied.

Harden filed a 28 U.S.C. § 2241 petition in the Eastern District of Texas, where he is now incarcerated, challenging the applicability of the enhanced sentence. After construing Harden's petition as a successive unauthorized § 2255 motion, the court dismissed his claims. Harden contends his state-court conviction does not support the enhanced penalty, and asserts his claim is sufficient to satisfy the requirements of § 2255's savings clause. *See* 28 U.S.C. § 2255(e).

The court's dismissal of Harden's § 2241 petition is reviewed *de novo*. *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000). A § 2241 petition and a § 2255 motion "are distinct mechanisms for seeking post-conviction relief". *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Section 2255 provides for a collateral attack of a federal sentence, while § 2241 provides for an attack on "the manner in which a sentence is executed". *Padilla v. United States*, 416 F.3d 424, 425–26 (5th Cir. 2005) (internal quotation marks omitted). The savings clause allows a federal prisoner to proceed under § 2241 if he can show the remedies provided under § 2255 are "inadequate or ineffective to test the legality of his detention". 28 U.S.C. § 2255(e); *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). Such a showing requires a claim be "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" that "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion". *Reyes-Requena*, 243 F.3d at 904; *accord In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011).

No. 14-40606

Harden's assertion, based on *Begay v. United States*, 553 U.S. 137 (2008), and *Descamps v. United States*, 133 S. Ct. 2276 (2013) fails because these opinions do not concern the enhanced penalties at issue under §§ 841(b)(1)(B) and 851, and do not show Harden's sentence was erroneously enhanced. Further, as neither *Begay* nor *Descamps* are retroactively applicable Supreme Court decisions indicating Harden was convicted of a nonexistent offense, he may not rely on those cases to satisfy the requirements of *Reyes-Requena*. *See Padilla*, 416 F.3d at 427.

AFFIRMED.