# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41395
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 28, 2015

Lyle W. Cayce
Clerk

BRUCE L. OXNER,

Petitioner-Appellant

v.

WARDEN KEITH ROY,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:14-CV-175

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Bruce L. Oxner, federal prisoner #05874-003, who stands convicted of interstate transportation of a stolen vehicle and felony possession of a firearm, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition. Relying on *Descamps v. United States*, 133 S. Ct. 2276 (2013), Oxner argues that the sentencing court erroneously determined that one of his prior convictions was a violent felony pursuant to the Armed Career Criminal Act. The district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determined that Oxner had not met the criteria for proceeding under the savings clause of 28 U.S.C. § 2255, which allows a federal prisoner to attack the legality of his conviction in a § 2241 petition if he can show that the remedies provided under § 2255 are "inadequate or ineffective to test the legality of his detention."  § 2255(e).

A prisoner seeking to establish that his § 2255 remedy is inadequate or ineffective must make a claim (i) "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" that (ii) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).  As *Descamps* addresses sentencing issues and has no effect on whether the facts of Oxner's case would support his convictions for the substantive offenses, it is not a retroactively applicable Supreme Court decision indicating that he was convicted of a nonexistent offense.  *See Descamps,* 133 S. Ct. at 2282–84, 2293; *In re Bradford,* 660 F.3d 226, 230 (5th Cir. 2011); *Wesson v. U.S. Penitentiary Beaumont*, 305 F.3d 343, 348 (5th Cir. 2002).  Accordingly, the judgment of the district court is AFFIRMED.