# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-40906
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2018

Lyle W. Cayce
Clerk

NICKY JOE HIGNIGHT,

Petitioner-Appellant

v.

DEREK EDGE,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:17-CV-119

Before REAVLEY, GRAVES, and HO, Circuit Judges.

PER CURIAM:[*]

Nicky Joe Hignight, federal prisoner # 10962-078, was convicted for conspiracy to possess with intent to manufacture and distribute methamphetamine and was sentenced to 262 months in prison. He appeals the district court's dismissal of his 28 U.S.C. § 2241 petition wherein he argued that his prior convictions for possessing a controlled substance with the intent to deliver in a drug-free zone no longer qualified as predicate offenses under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40906

U.S.S.G. § 4B1.1 and, as a result, he should no longer be considered a career offender.  The district court determined that Hignight could not pursue relief under § 2241 because he failed to show that the remedy under 28 U.S.C. § 2255 would be inadequate or ineffective, as is required by the savings clause of § 2255.

We review the dismissal of a § 2241 petition de novo.  *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000).  A federal prisoner may attack the validity of his conviction in a § 2241 petition if he can meet the requirements of the savings clause of § 2255.  *Id.*  The prisoner must show that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." § 2255(e); *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001).  A petitioner's inability to meet the procedural requirements of § 2255 is insufficient to make the required showing.  *Pack v. Yusuff*, 218 F.3d 448, 452-53 (5th Cir. 2000).  Rather, a prisoner who wishes to proceed under the savings clause must establish that his claim "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and that the claim "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion."  *Reyes-Requena*, 243 F.3d at 904.

Relying on *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), Hignight argues that his prior convictions no longer support the application of § 4B1.1.  He contends that relief under § 2255 is inadequate or ineffective and, as a result, he meets the requirements of the savings clause.

The district court correctly determined that Hignight failed to satisfy the savings clause.  We have repeatedly held that challenges to the validity of a sentencing enhancement do not satisfy the savings clause of § 2255(e).  *See,*

No. 17-40906

*e.g., In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011); *Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005); *Kinder,* 222 F.3d at 213-14.  The judgment of the district court is therefore AFFIRMED.