# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-40364
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 8, 2019

Lyle W. Cayce
Clerk

ALPIDIO GONZALEZ,

Petitioner-Appellant

v.

WARDEN, FEDERAL CORRECTIONAL INSTITUTE THREE RIVERS,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:17-CV-113

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Alpidio Gonzalez, federal prisoner # 06089-078, was convicted by a jury of possession with intent to distribute 100 kilograms or more of marijuana and was sentenced to 360 months of imprisonment[1] and eight years of supervised release. He appeals the district court's dismissal of his 28 U.S.C. § 2241 petition in which he argued that his prior conviction for Texas delivery of marijuana no longer qualified as a predicate offense under U.S.S.G. § 4B1.1

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] His sentence was commuted by President Obama to 240 months in December 2016.

and, as a result, he should no longer be considered a career offender. The district court determined that Gonzalez could not pursue relief under § 2241 because he failed to show that the remedy under 28 U.S.C. § 2255 would be inadequate or ineffective, as required by the savings clause of § 2255.

We review the dismissal of a § 2241 petition de novo. *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003). A federal prisoner may attack the validity of his conviction in a § 2241 petition if he can meet the requirements of the savings clause of § 2255. *Reyes-Requena v. United States*, 243 F.3d 893, 900-01 (5th Cir. 2001). The prisoner must show that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." § 2255(e); *Reyes-Requena*, 243 F.3d at 901. A petitioner seeking to establish that his § 2255 remedy was inadequate or ineffective must make a claim "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena*, 243 F.3d at 904.

Relying on *Descamps v. United States*, 570 U.S. 254 (2013), *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), Gonzalez argues that his prior conviction no longer supports the application of the career offender guideline, § 4B1.1. He contends that relief under § 2255 is inadequate or ineffective and, as a result, he meets the requirements of the savings clause.

The district court correctly determined that Gonzalez failed to satisfy the savings clause. We have repeatedly held that challenges to the validity of a sentencing enhancement do not satisfy the savings clause of § 2255(e). *See In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011); *Padilla v. United States*, 416

No. 18-40364

F.3d 424, 426-27 (5th Cir. 2005); *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000).  The judgment of the district court is therefore AFFIRMED.