# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-40953
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 10, 2019

Lyle W. Cayce
Clerk

ANTHONY DION COLLINS,

Petitioner–Appellant,

v.

FRANCISCO LARA, WARDEN, FEDERAL CORRECTIONAL COMPLEX-BEAUMONT,

Respondent–Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:17-CV-161

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Anthony Dion Collins, federal prisoner # 30693-048, appeals from the denial of his 28 U.S.C. § 2241 petition. In his petition, he cited to *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), to challenge sentencing enhancements based on prior drug

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40953

convictions.   He contends that he satisfied the savings clause of 28 U.S.C. § 2255(e), allowing him to pursue relief under § 2241.

Under the savings clause of § 2255(e), a § 2241 petition that attacks a federal sentence may be considered if the petitioner shows that § 2255 is "inadequate or ineffective to test the legality of his detention."   28 U.S.C. § 2255(e).  The requirement of showing the inadequacy of § 2255 "is stringent." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001).  The savings clause applies only to a claim that is "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and that was "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion."  *Id.* at 904.

We have consistently held that challenges to a sentencing enhancement do not satisfy the savings clause of § 2255(e).  *See In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011); *Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005); *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000); *see also, e.g.*, *Penson v. Warden, Fed. Corr. Inst. Three Rivers*, 747 F. App'x 976, 977 (5th Cir. 2019) (rejecting challenge to career offender enhancement based on *Mathis* and *Hinkle* in § 2241 petition).  Collins's petition did not satisfy the savings clause.

AFFIRMED.