# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-40651
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 14, 2019

Lyle W. Cayce
Clerk

CHRISTOPHER HELM,

Petitioner-Appellant

v.

UNITED STATES OF AMERICA,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:17-CV-143

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Christopher Helm, federal prisoner # 65283-179, is serving a 180-month sentence for being a felon in possession of a firearm, and he now appeals the district court's dismissal of his 28 U.S.C. § 2241 petition. Relying on *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), Helm argues that his sentence, which was enhanced under the Armed Career Criminal Act (ACCA), was unconstitutional because he was

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentenced under the ACCA's residual clause, 18 U.S.C. § 924(e)(2)(B).  We review the district court's legal determinations de novo and its factual findings for clear error.  *Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005).

Generally, a federal prisoner must seek relief under 28 U.S.C. § 2255 if he wishes to challenge his conviction or sentence.  *Id.* at 426.  However, he may raise claims in a § 2241 petition where the remedy under § 2255 is inadequate or ineffective and thus the claims fall within the savings clause of § 2255(e).  *Id.*  He must establish that his claims (1) are based on a retroactively applicable Supreme Court decision that establishes that he may have been convicted of a nonexistent offense and (2) were foreclosed by circuit law at the time of his trial, direct appeal, or first § 2255 motion.  *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).  To meet the first prong, he must show "that based on a retroactively applicable Supreme Court decision, he was convicted for conduct that did not constitute a crime." *Jeffers v. Chandler*, 253 F.3d 827, 831 (5th Cir. 2001).

Helm disputes his ACCA-enhanced sentence, not the underlying conviction.  This court has repeatedly held that challenges to the validity of a sentencing enhancement do not satisfy the savings clause of § 2255(e).  *See, e.g.*, *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011); *Padilla*, 416 F.3d at 427.  Accordingly, the district court's dismissal of his petition is affirmed.

AFFIRMED.