# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-41155
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 10, 2019

Lyle W. Cayce
Clerk

MARLON LEROY PORCH,

Petitioner-Appellant

v.

T. WATSON, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:18-CV-122

Before BENAVIDES, HIGGINSON, and ENGELHARDT, Circuit Judges.
PER CURIAM:[*]

Marlon Leroy Porch, federal prisoner # 25685-009, appeals the district court's denial of his 28 U.S.C. § 2241 petition in which he challenged the 220-month sentence, later reduced to 177 months, imposed following his guilty plea conviction for conspiracy to distribute a controlled substance. He contends that he should not have received a career offender enhancement at sentencing because his two prior convictions for Arkansas possession of cocaine with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

intent to deliver no longer qualify as predicate offenses under U.S.S.G. § 4B1.1 in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016).

Where, as here, the district court denied a § 2241 petition on the pleadings, our review is de novo. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A § 2241 petition cannot be used as a substitute for a 28 U.S.C. § 2255 motion, and the petitioner must demonstrate the inadequacy or ineffectiveness of a § 2255 motion by satisfying the savings clause of § 2255. *See* § 2255(e); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). A petitioner satisfies the savings clause by showing that a claim (1) "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense," and (2) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena*, 243 F.3d at 904.

Porch contends only that his sentence was illegally enhanced and does not maintain that he was convicted of a nonexistent crime or that he is actually innocent of the offense of conviction. Challenges to the validity of a sentencing enhancement do not satisfy the savings clause of § 2255(e). *See In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011); *Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005); *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000). His reliance on out-of-circuit authority to argue that the savings clause should be extended to encompass sentencing errors is unavailing, as "one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our en banc court." *United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014) (internal quotation marks and citation omitted).

Accordingly, the judgment of the district court is AFFIRMED.