# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 19-30023
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**

August 9, 2019

Lyle W. Cayce
Clerk

ERIC L. JACKSON,

Petitioner-Appellant

v.

CALVIN JOHNSON, Warden, United States Penitentiary Pollock,

Respondent-Appellee

—————————————

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 1:18-CV-963

—————————————

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Eric L. Jackson, federal prisoner # 03936-087, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition. Jackson argues that recent caselaw has made clear that his prior New York drug conviction was not divisible and no longer qualifies as a predicate felony offense for purposes of a sentence enhancement under 21 U.S.C. § 851. *Mathis v. United States*, 136 S. Ct. 2243 (2016). We review the district court's legal determinations *de novo* and its

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

factual findings for clear error. *Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005).

Generally, a federal prisoner must seek relief under 28 U.S.C. § 2255 if he wishes to challenge his conviction or sentence. *Id.* at 425-26. However, he may raise claims in a Section 2241 petition where the remedy under Section 2255 is inadequate or ineffective and thus the claims fall within the savings clause of Section 2255(e). *Id.* at 426. He must establish that his claims (1) are "based on a retroactively applicable Supreme Court decision that establishes that he may have been convicted of a nonexistent offense" and (2) were "foreclosed by circuit law at the time" of his trial, direct appeal, or first Section 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). To meet the first prong, he must show "that based on a retroactively applicable Supreme Court decision, he was convicted for conduct that did not constitute a crime." *Jeffers v. Chandler*, 253 F.3d 827, 831 (5th Cir. 2001).

Jackson disputes his enhanced sentence, not the underlying conviction. Challenges to the validity of a sentencing enhancement do not satisfy the savings clause of § 2255(e). *See, e.g.*, *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011); *Padilla*, 416 F.3d at 427.

AFFIRMED.