# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-31222
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 7, 2019

Lyle W. Cayce
Clerk

DANNY PEREDA,

Petitioner-Appellant

v.

CALVIN JOHNSON, Warden, United States Penitentiary Pollock,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:18-CV-1218

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Danny Pereda, federal prisoner # 12769-111, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition. Relying on *Mathis v. United States*, 136 S. Ct. 2243 (2016), Pereda argues that his prior California drug conviction no longer qualifies as a predicate felony offense for purposes of a sentence enhancement under 21 U.S.C. § 851. We review the denial of Pereda's petition de novo. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-31222

A prisoner may use § 2241 to challenge his conviction only if the remedy under § 2255 is inadequate or ineffective to contest the legality of his detention. § 2255(e). A § 2241 petition is not a substitute for a § 2255 motion, and Pereda must establish the inadequacy or ineffectiveness of a § 2255 motion by meeting the savings clause of § 2255. *See* § 2255(e); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Under that clause, Pereda must show that his petition sets forth a claim based on a retroactively applicable Supreme Court decision that supports that he may have been convicted of a nonexistent offense and that the claim was foreclosed when it should have been asserted in his trial, direct appeal, or original § 2255 motion. *Reyes-Requena*, 243 F.3d at 904.

Pereda disputes his enhanced sentence, not the underlying conviction. This court has repeatedly held that challenges to the validity of a sentencing enhancement do not satisfy the savings clause of § 2255(e). *See, e.g.*, *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011); *Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005).

In light of the foregoing, the judgment of the district court is AFFIRMED. Pereda's motion to consolidate and motion for the appointment of counsel are DENIED.