# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 4, 2020

Lyle W. Cayce
Clerk

No. 19-60326
Summary Calendar

DARRYL A. WILLIAMS,

Petitioner-Appellant

v.

WARDEN CHERON NASH,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:18-CV-857

Before JONES, HIGGINSON, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Darryl A. Williams, federal prisoner # 57620-018, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his 28 U.S.C. § 2241 petition, which challenged the U.S.S.G. § 4B1.1 career offender sentencing enhancement imposed in connection with his federal drug conviction. By moving to proceed IFP on appeal, Williams challenges the district court's certification that his appeal is not taken in good faith. *See*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60326

*Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  If the appeal is frivolous, we may dismiss it sua sponte.  *Baugh*, 117 F.3d at 202 n.24; *see also* 5TH CIR. R. 42.2.

With citations to *Donawa v. U.S. Attorney General*, 735 F.3d 1275 (11th Cir. 2013), and the sentencing directives provided to the Sentencing Commission by 28 U.S.C. § 994(h)(2), Williams argues that his prior Florida drug convictions are not controlled substance offenses for purposes of § 4B1.1.  He also contends that the district court failed to consider his arguments that his case should be resolved under the "case and controversy doctrine" and that he is actually innocent of the sentencing enhancement.

A petitioner can attack the validity of his sentence in a § 2241 petition only if he can meet the requirements of the savings clause of 28 U.S.C. § 2255.  *See* § 2255(e); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).  This court has repeatedly held that challenges to the validity of a sentencing enhancement do not satisfy the savings clause of § 2255(e).  *See, e.g.*, *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011); *Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005); *see also Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000).

Because Williams has failed to raise a nonfrivolous issue for appeal, his motion to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.