# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-31155
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 21, 2020

Lyle W. Cayce
Clerk

DANTE JAMON WALKER,

Petitioner-Appellant

v.

CALVIN JOHNSON, Warden, U.S. Penitentiary Pollock,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:18-CV-1030

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Dante Jamon Walker, federal prisoner # 07046-017, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for lack of jurisdiction. Walker filed the petition to challenge his federal sentence for conspiracy to distribute and possess with intent to distribute 50 or more grams of crack cocaine and possession with intent to distribute five or more grams of crack cocaine. The district court determined that Walker's attack on his sentence, based on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-31155

*Mathis v. United States*, 136 S. Ct. 2243 (2016), should have been brought under 28 U.S.C. § 2255 and, further, that Walker could not proceed under § 2241 pursuant to § 2255(e)'s savings clause. We review the dismissal of the petition de novo. *See Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005).

A prisoner may use § 2241 to challenge his conviction only if the remedy under § 2255 is inadequate or ineffective to contest the legality of his detention. § 2255(e). A § 2241 petition is not a substitute for a § 2255 motion, and Walker must establish the inadequacy or ineffectiveness of a § 2255 motion by meeting the savings clause of § 2255. *See* § 2255(e); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Under that clause, Walker must show that his petition sets forth a claim based on a retroactively applicable Supreme Court decision that supports that he may have been convicted of a nonexistent offense and that the claim was foreclosed when it should have been asserted in his trial, direct appeal, or original § 2255 motion. *Reyes-Requena*, 243 F.3d at 904.

Walker disputes his enhanced sentence, not the underlying conviction. This court has repeatedly held that challenges to the validity of a sentencing enhancement do not satisfy the savings clause of § 2255(e). *See, e.g., In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011); *Padilla*, 416 F.3d at 427; *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000).

In light of the foregoing, the judgment of the district court is AFFIRMED. Walker's motion to consolidate and motion for the appointment of counsel are DENIED.