# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30474
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 22, 2020

Lyle W. Cayce
Clerk

CASSIUS L. MEDLOCK,

Petitioner-Appellant

v.

CALVIN JOHNSON, WARDEN, FEDERAL CORRECTIONAL COMPLEX POLLOCK,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:18-CV-1200

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Cassius L. Medlock, federal prisoner # 17339-035, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for lack of jurisdiction. Medlock filed that petition to challenge the 188-month sentence imposed following his conviction for possession with intent to distribute 28 grams or more of cocaine base. He contends that he should not have received

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a career offender enhancement at sentencing because his prior Texas drug conviction no longer qualifies as a predicate offense under U.S.S.G. § 4B1.1 in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016).

We review the dismissal of Medlock's petition de novo. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A prisoner may use § 2241 to challenge his conviction only if the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to contest the legality of his detention. § 2255(e). A § 2241 petition is not a substitute for a § 2255 motion, and Medlock must establish the inadequacy or ineffectiveness of a § 2255 motion by satisfying that provision's savings clause. *See* § 2255(e); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Under that clause, Medlock must show that his petition sets forth a claim based on a retroactively applicable Supreme Court decision which supports that he might have been convicted of a nonexistent offense and that the claim was foreclosed when it should have been asserted in his trial, direct appeal, or original § 2255 motion. *Reyes-Requena*, 243 F.3d at 904.

Medlock disputes his enhanced sentence, not the underlying conviction. This court has repeatedly held that challenges to the validity of a sentencing enhancement do not satisfy the savings clause of § 2255(e). *See In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011); *Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005); *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000). Medlock's reliance on out-of-circuit authority to assert that the savings clause should be extended to encompass sentencing errors is unavailing, as "one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our en banc court." *United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014) (internal quotation marks and citation omitted).

No. 19-30474

The judgment of the district court is AFFIRMED.