# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-40590
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 28, 2020

Lyle W. Cayce
Clerk

WALLACE THOMAS LESTER,

Petitioner-Appellant

v.

M. K. LEWIS, Warden, Federal Correctional Institution Beaumont Low,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:18-CV-504

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Wallace Thomas Lester, federal prisoner # 50834-056, is serving a 240-month sentence for being a felon in possession of a firearm, and he now appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for lack of jurisdiction. Relying on, inter alia, *Johnson v. United States*, 135 S. Ct. 2551 (2015), Lester argues that his sentence, which was enhanced under the Armed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40590

Career Criminal Act (ACCA), was unconstitutional because he was sentenced under the ACCA's residual clause, 18 U.S.C. § 924(e)(2)(B). He also argues that he was convicted under § 924(c)(3)(B), which the Supreme Court recently invalidated, finding that it was unconstitutionally vague. *See United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). We review the district court's legal determinations de novo and its factual findings for clear error. *Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005).

Generally, a federal prisoner must seek relief under 28 U.S.C. § 2255 if he wishes to challenge his conviction or sentence. *Id.* at 426. However, he may raise claims in a § 2241 petition where the remedy under § 2255 is inadequate or ineffective and thus the claims fall within the savings clause of § 2255(e). *Id.* He must establish that his claims (1) are based on a retroactively applicable Supreme Court decision that establishes that he may have been convicted of a nonexistent offense and (2) were foreclosed by circuit law at the time of his trial, direct appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). To meet the first prong, he must show "that based on a retroactively applicable Supreme Court decision, he was convicted for conduct that did not constitute a crime." *Jeffers v. Chandler*, 253 F.3d 827, 831 (5th Cir. 2001).

Lester disputes his ACCA-enhanced sentence, not the underlying conviction. This court has repeatedly held that challenges to the validity of a sentencing enhancement do not satisfy the savings clause of § 2255(e). *See, e.g., In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011); *Padilla*, 416 F.3d at 427. Accordingly, the district court's dismissal of his petition is affirmed.

As for Lester's claim that he was convicted under now-invalidated 924(c)(3)(B), Lester waived this argument because he raises it for the first time

on appeal. Regardless, district court records show that Lester was convicted under 924(e)(2)(B), thus *Davis* is inapplicable.

AFFIRMED.