# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 26, 2020

Lyle W. Cayce
Clerk

No. 19-40594
Summary Calendar

JORGE LUIS MELENDEZ,

　　　　　　　　　　　　　Petitioner-Appellant

v.

RALPH HANSON, Warden, FCI Three Rivers,

　　　　　　　　　　　　　Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:18-CV-256

Before STEWART, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jorge Luis Melendez, federal prisoner # 37389-079, appeals the dismissal of his 28 U.S.C. § 2241 petition challenging his 188-month sentence for conspiring to distribute a mixture and substance containing marijuana. He contends that the district court erred by dismissing for lack of jurisdiction his claim challenging his U.S.S.G. § 4B1.1(b)(2) career-offender enhancement.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40594

We review de novo the dismissal of Melendez's § 2241 petition on the pleadings. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A petition filed under § 2241 that challenges a trial or sentencing error generally should be treated as a 28 U.S.C. § 2255 motion. *Id.* at 452. A petitioner may use § 2241 to challenge a conviction and sentence only if it "appears that the remedy [under § 2255] is inadequate or ineffective to test the legality of [the petitioner's] detention." § 2255(e). A petitioner satisfies the § 2255(e) savings clause by showing that the claim (1) "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense," and (2) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

We have squarely "held that a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241." *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011). Melendez thus fails to show that the district court erred by dismissing his § 2241 petition for lack of jurisdiction. *See Pack*, 218 F.3d at 451.

AFFIRMED.