# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10913
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2020

Lyle W. Cayce
Clerk

MARION DAVID HAGER,

Petitioner-Appellant

v.

UNDERWOOD, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-355

Before OWEN, Chief Judge, and DENNIS and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Marion David Hager, now federal prisoner # 54182-380, moves for leave to proceed in forma pauperis (IFP) on appeal and for the appointment of appellate counsel. Hager is appealing the district court's summary dismissal, for lack of subject matter jurisdiction, of his 28 U.S.C. § 2241 habeas corpus petition challenging his 72-month sentence for possessing a firearm as a convicted felon.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

By moving to proceed IFP in this court, Hager is challenging the district court's denial of his IFP motion and its certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). In evaluating whether an appeal is taken in good faith, our inquiry is "whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). To the extent that Hager's appeal extends to the order denying his Federal Rule of Civil Procedure 60(b) motion for reconsideration, he has failed to brief, and has thereby abandoned, any appellate challenge to that order. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Hager's challenge to the dismissal of his § 2241 petition on the pleadings is reviewed de novo. *See Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000). Under the "savings clause" of 28 U.S.C. § 2255, a petitioner may challenge the legality of his sentence in a § 2241 petition if he can affirmatively demonstrate that the § 2255 remedy is inadequate or ineffective. *See Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000); § 2255(e). To carry his burden on this issue, the petitioner must establish that (1) his claim is "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and (2) his claim was "foreclosed by circuit law at the time when the claim should have been raised in [his] trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Hager has failed to make the showing required under the § 2255 savings clause. First, Hager improperly relies on *Nelson v. Colorado*, 137 S. Ct. 1249, 1255-58 (2017), which is substantively inapposite. Furthermore, as Hager acknowledges, *Nelson* did not announce a new rule of constitutional law, and

it has not been designated as retroactive on collateral review. *See Nelson*, 137 S. Ct. at 1255-58; *Reyes-Requena*, 243 F.3d at 904.

Secondly, there is no merit to Hager's apparent argument that his alleged actual innocence with respect to his sentence is sufficient to establish the viability of his § 2241 petition. We have held that "a claim of actual innocence of a [sentencing] enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241." *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011).

Finally, there is no merit to Hager's contention that he is entitled to bring his § 2241 petition under the express terms of that statute without satisfying the requirements that *Reyes-Requena* added to § 2255. Hager argues that our decision in *Reyes-Requena* is inconsistent with the text passed by Congress. *Cf. McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1084–85 (11th Cir. 2017) (en banc) (W. Pryor, J.) (describing *Reyes-Requena* as "atextual"); *Prost v. Anderson*, 636 F.3d 578, 592–93 (10th Cir. 2011) (Gorsuch, J.) (same). But we are bound by *Reyes-Requena* just the same.

In sum, Hager has failed to raise a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 219-20. This appeal is thus DISMISSED as frivolous, and Hager's motions for leave to proceed IFP on appeal and for appointment of counsel are DENIED. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.