# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 30, 2021

Lyle W. Cayce
Clerk

No. 20-60068
Summary Calendar

OLDEN TERRY, III,

*Petitioner—Appellant*,

*versus*

MARCUS MARTIN, *Warden, Federal Correctional Complex (Low), Yazoo City, Mississippi*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:17-CV-697

Before SMITH, GRAVES, and WILLETT, *Circuit Judges*.

PER CURIAM:*

Olden Terry, III, federal prisoner # 56278-056, pleaded guilty to possession with intent to distribute 28 grams or more of cocaine base and possession of a firearm in furtherance of a drug trafficking crime in the United

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60068

States District Court for the Eastern District of North Carolina. The district court sentenced Terry to 235 months of imprisonment on the drug charge and a consecutive 60-month sentence on the firearm charge. While Terry was incarcerated in the Southern District of Mississippi, he filed a 28 U.S.C. § 2241 petition attacking his conviction.

Relying on *Burrage v. United States*, 571 U.S. 204, 218-19 (2014), Terry argues that he was convicted of a nonexistent offense because his prior convictions could not serve as predicate offenses under U.S.S.G. § 4B1.1, and he is therefore entitled to relief under the savings clause of 28 U.S.C. § 2255(e). As a threshold matter, we ordinarily will not consider new claims, like this one, raised for the first time on appeal. *See Leverette v. Louisville Ladder Co.,* 183 F.3d 339, 342 (5th Cir. 1999). In any case, nothing in the record demonstrates that Terry was convicted under 21 U.S.C. § 841(b)(1)(C). As such, *Burrage* is not applicable to his case. *See Burrage*, 571 U.S. at 208-10.

There is no merit to Terry's additional argument that his alleged actual innocence with respect to his sentence in light of *Mathis* and *Hinkle* satisfies the savings clause. *See In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011). As a result, Terry failed to carry his burden to demonstrate the inadequacy of the § 2255 remedy, and the district court did not err in concluding it lacked jurisdiction. *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

The judgment of the district court is AFFIRMED.