# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 1, 2020

Lyle W. Cayce
Clerk

No. 19-50975

Joe Leon Lanier,

*Petitioner—Appellant*,

*versus*

Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Respondent—Appellee.*

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:04-CV-8

Before Willett, Ho, and Duncan, *Circuit Judges.*

Per Curiam:*

Joe Leon Lanier, Texas prisoner # 866198, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's order construing his Federal Rule of Civil Procedure 60(b)(6) motion as an unauthorized successive 28 U.S.C. § 2254 application and transferring it to this court. In

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-50975

his motion, Lanier alleged: (1) he was denied the assistance of counsel after his sentencing during the period for seeking a new trial; (2) his appellate counsel rendered ineffective assistance; and (3) he was denied counsel during his state habeas proceeding to assist in raising a claim that his trial counsel rendered ineffective assistance.

By moving to proceed IFP on appeal, Lanier is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). To obtain IFP status, Lanier must show both financial eligibility and a nonfrivolous issue for appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

Even if Lanier can satisfy the financial-eligibility requirement, he has not shown a nonfrivolous appellate issue. *See id*. Lanier contends that his Rule 60(b)(6) motion was not a successive § 2254 application because the motion alleged defects in the integrity of his first § 2254 proceeding. In particular, he contends that he was entitled to Rule 60(b)(6) relief in light of three Supreme Court cases that issued after the proceeding and were favorable to him: *Buck v. Davis*, 137 S. Ct. 759 (2017); *Trevino v. Thaler*, 569 U.S. 413 (2013); and *Martinez v. Ryan*, 566 U.S. 1 (2012).

Lanier's case is distinguishable from these three decisions, given that his Rule 60(b)(6) motion did not seek to overcome a procedural default. *See Buck*, 137 S. Ct. at 767, 779-80; *Trevino*, 569 U.S. at 417; and *Martinez*, 566 U.S. at 17. Further, we have held that neither *Martinez* nor *Trevino* have been made retroactively applicable to cases on collateral review. *See Clark v. Davis*, 850 F.3d 770, 784 (5th Cir. 2017). Thus, *Buck*, 137 S. Ct. at 779-80, is inapposite. Also, contrary to Lanier's arguments, a motion filed in a habeas proceeding asserting that a change in the law is a reason justifying relief, although labeled a Rule 60(b)(6) motion, is in substance a successive habeas application. *See Gonzalez v. Crosby*, 545 U.S. 524, 530, 531 (2005). Further,

No. 19-50975

Lanier concedes that his Rule 60(b)(6) motion presented claims that were unavailable to him when he filed his initial § 2254 petition. A motion presenting new claims is likewise a successive habeas application in substance. *See id.* at 531-32.

For these reasons, the district court did not err in construing Lanier's Rule 60(b)(6) motion as an unauthorized successive § 2254 application and transferring it to this court. *See id.*; *United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015). We, therefore, need not consider Lanier's challenge to the district court's alternative timeliness ruling. *See Hinojosa v. Horn*, 896 F.3d 305, 310 n.2 (5th Cir. 2018)

Accordingly, we DENY the motion to proceed IFP on appeal and DISMISS Lanier's appeal as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR R. 42.2. Lanier is WARNED that future frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.